IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GENARO BAUTISTA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:17-CV-280 |
| INMATE CALLING SOLUTIONS, LLC, | § § § | |
| Defendant. | § | |

## DEFENDANT INMATE CALLING SOLUTIONS, L.L.C.'S NOTICE OF REMOVAL

Defendant Inmate Calling Solutions, L.L.C. ("Defendant") files this Notice of Removal ("Notice"), hereby removing the lawsuit filed by Plaintiff Genaro Bautista ("Plaintiff") from Texas State District Court to this Federal District Court.

### I.

### STATEMENT OF THE CASE

Plaintiff Genaro Bautista filed suit against Defendant on February 27, 2017 in the 285th Judicial District of Bexar County, Texas, alleging causes of action stemming from Plaintiff's former employment with Defendant. Plaintiff filed an Amended Complaint on March 23, 2017. Plaintiff alleges he was discriminated and retaliated against by Defendant based on his disability and race in violation of the Texas Labor Code. Plaintiff also alleges that Defendant failed to pay overtime, and/or forced Plaintiff to work off the clock hours, or took deductions for partial days in violation of the Fair Standards Labor Act ("FLSA"). The lawsuit was styled *Genaro Bautista v. Inmate Calling Solutions, LLC*, Cause Number 2017-CI-03492. Plaintiff served his Original Petition on Defendant

on March 6, 2017 and Defendant filed its Original Answer and Defenses on March 27, 2017.[1] In his Amended Petition, Plaintiff states that his claims were brought under the Texas Labor Code § 21.051, et. seq., and the FLSA, 29 U.S.C. §§ 201 et. seq.[2] Plaintiff also asserts that his alleged damages exceed $100,000, and involve non-monetary relief.[3]

## II.

## **REMOVAL IS PROPER AND TIMELY**

This removal is effected pursuant to 28 U.S.C. § 1441(a), in that the present case is a civil action of which the district courts of the United States have original jurisdiction, and it is being removed by Defendant to the federal court for the district and division in which the action is currently pending. Further, as required under 28 U.S.C. § 1446(b), removal is timely because it is being filed within 30 days of service upon Defendant of Plaintiff's Original Petition.

## III.

## **THIS CASE IS REMOVABLE UNDER FEDERAL QUESTION JURISDICTION**

28 U.S.C. § 1331 gives federal district courts "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." In his lawsuit, Plaintiff claims that Defendant discriminated and retaliated against Plaintiff because of his disability and race, and failed to pay Plaintiff in accordance with the requirement under the FLSA, in alleged violations of the Texas Labor Code and the FLSA.[4]

This action is removed pursuant to 28 U.S.C. §§ 1331 and 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." The federal question

---

[1] True and correct copies of Plaintiff's Original Petition, First Amended Petition, and Defendant's Original Answer and Defenses, as well as all process, pleadings, and orders contained in the file of the state court are attached hereto as *Exhibit A*.
[2] *See* Exhibit A, Plaintiff's First Amended Petition, p. 1, at ¶ 9, p. 6 at ¶ 26, and , p. 9 ¶41.
[3] Exhibit A, Plaintiff's First Amended Petition p. 1-2, at ¶ 6.
[4] Exhibit A, Plaintiff's First Amended Petition, p. 1, at ¶ 9, p. 6 at ¶ 26, and , p. 9 ¶41.

2

here at issue arises under the FLSA, a federal statute. *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (federal jurisdiction exists when a federal question is presented on the face of plaintiff's complaint); *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-1161 (5th Cir. 1989) (defendant may remove a state court action to federal court if such an action could have been filed in the federal court originally). In addition, this civil action is properly removed to this division under 28 U.S.C. § 1441(a), because the state court where the action has been pending is located in this division.

In addition, to the extent that Plaintiff's Original Petition asserts state law causes of action, such state law causes of action are removable under 28 U.S. Code § 1367(a) because they involve allegations involving Plaintiff's employment with Defendant, thereby giving this Court discretion to exercise pendent jurisdiction over such state law claims.

## IV.

## CONCLUSION AND PRAYER

Accordingly, this action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441. Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal, with the 37th Judicial District Court of Bexar County, Texas and serve a copy thereof on Plaintiff through his counsel, pursuant to 28 U.S.C. § 1446(d).[5] This Court also has pendent jurisdiction over Plaintiff claims under the Texas Labor Code pursuant to 28 U.S. Code § 1367(a) since it also involves facts involving Plaintiff's former employment with Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant removes this matter from the 285th Judicial District Court of Bexar County, Texas to this Court for a determination of all

---

[5] A copy of Defendant's Notice of Filing Notice of Removal is attached hereto and incorporated herein by reference for all purposes as *Exhibit B*.

3

issues raised. Defendant also requests all other relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Lara C. de Leon*
Lara Cardin de Leon
State Bar No. 24006957
lara.deleon@ogletreedeakins.com
Raven R. Applebaum
State Bar No. 24043644
raven.applebaum@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
112 E. Pecan Street, 2700 Weston Centre
San Antonio, Texas 78205
(210) 354-1300 – Telephone
(210) 277-2702 – Facsimile

**ATTORNEYS FOR DEFENDANT
INMATE CALLING SOLUTIONS, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2017, I electronically transmitted the foregoing pleading, using the electronic filing system, which will transmit a Notice of Electronic Filing to the following counsel of record:

Adam Poncio
Poncio Law Offices, P.C.
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550

*/s/ Lara C. de Leon*
Lara C. de Leon/Raven Applebaum

29344919.1